Filed 7/8/26  P. v. Brewer CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHARLES DUANE BREWER, JR.,<br>    Defendant and Appellant. | C103265<br><br>(Super. Ct. No. CRF24-00042) |

Appointed counsel for defendant Charles Duane Brewer, Jr., asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding none, we will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A.    *Charges*

Defendant was charged with three counts of sexual intercourse with a child 10 years old or younger (Pen. Code,[1] § 288.7, subd. (a); counts 1-3), two counts of using a minor for sexual acts (§ 311.4, subd. (c); counts 4, 5), possession of child pornography (§ 311.11, subd. (a); count 6), making criminal threats (§ 422, subd. (a); count 7), and misdemeanor battery against a person with whom the defendant had a dating relationship

---

[1]    Undesignated statutory references are to the Penal Code.

or was cohabitating (§ 243, subd. (e)(1); count 8). Five aggravating factors were pled. (Cal. Rules of Court, rule 4.421.)

B. *Trial*

During the January 2025 trial, the victim's mother testified that she and defendant had been in a romantic relationship since the victim was a baby. During the time at issue here (late 2023 through early 2024), defendant lived with the victim, the victim's mother, and other family members. Defendant was a father figure to the victim, who was nine years old at the time of trial.

The victim testified about three times that defendant sodomized her. Defendant warned the victim not to tell anyone about their encounters, and the victim complied because she was scared. There were more incidents with defendant, but the victim could not remember how many.

In January 2024, the victim's mother checked defendant's cell phone and found a video showing defendant having sexual intercourse with the victim. Upset, the mother started hitting defendant. In an apparent effort to get his cell phone back, defendant hit the mother with a closed fist on the side of her head so hard that she was knocked back. He also kicked her on her side, causing her to fall off the bed.

Eventually, defendant was able to grab the cell phone from the mother. He locked himself inside the bathroom. The mother called 911, and defendant ran outside and got into his car. She tried to prevent him from leaving, but he threatened to run her over. She moved out of the way, and defendant drove off. The mother suffered scratches on her hands and a "red" ear. A sheriff deputy on patrol subsequently stopped defendant, arrested him, and retrieved his cell phone.

Later that evening, a police officer interviewed the victim. A video recording of that interview was played for the jury. An investigating detective found about 980 images and videos on defendant's cell phone depicting child sexual abuse, including two videos and one photo involving the victim. One of the videos involving the victim was

2

recorded in September 2023, the other in November 2023. The videos involving the victim were played for the jury.

DNA testing showed "moderate" to "limited support" that defendant had engaged in sexual acts with the victim. A medical examination failed to show any anal or genital trauma, but, according to the testifying nurse practitioner, this was "normal," even after sodomization.

Defendant's younger brother testified that, when he was eight or nine years old, defendant forced him to orally copulate defendant. Defendant also forced him to watch pornography and engage in anal sex. This happened about 15 to 20 times and finally stopped when the brother was 13 years old and moved to a separate home.

After the prosecution rested, the trial court denied defendant's motion for acquittal under section 1118.1.

C. *Verdicts and Sentencing*

The jury found defendant guilty of all counts. In bifurcated proceedings, the jury also found true all five alleged aggravating factors.

During the March 2025 sentencing hearing, defendant's "only request" was for the middle term on the principal count. Defendant himself moved for a new trial, apparently based on ineffective assistance of trial counsel. The trial court denied his motion.

The trial court sentenced defendant to prison for an aggregate term of five years plus 75 years to life, as follows: the upper term of three years for count 7; eight months (one-third the middle term) consecutive for each of counts 4, 5, and 6; one year concurrent for count 8; and 25 years to life consecutive for each of counts 1, 2, and 3.

The trial court also imposed a $10,000 restitution fine (§ 1202.4, subd. (b)), a corresponding $10,000 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), a $320 court operations assessment (§ 1465.8, subd. (a)(1)), a $240 criminal conviction assessment (Gov. Code, § 70373), and a $300 base sex offense fine (§ 290.3) plus surcharges and assessments of $900 (§§ 1465.7, 1464; Gov. Code, §§ 70372, subd.

(a), 76000, 76000.5, 76104.6, 76104.7).  CCT 234)  Defendant did not object to any of the fines or fees.  The trial court awarded 488 days of custody credit.

Defendant timely appealed.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


\s\
KRAUSE, J.

We concur:



\s\
RENNER, Acting P. J.



\s\
BOULWARE EURIE, J.